**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **CRIMINAL ACTION NO. 3:14-CR-33-CRS** |
| **PERRY VAUGHN** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Defendant to reduce his sentence (DN 42) pursuant to 18 U.S.C. § 3582(c)(2) and the 2015 amendments to the United States Sentencing Guidelines (USSG).

"Section 3582(c)(2) authorizes the district court to reduce the sentence imposed on 'a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Goines*, 357 F.3d 469, 473 (4th Cir. 2004) (alteration in original) (quoting 18 U.S.C. §3582(c)(2)). In order to determine if a defendant is "eligibl[e] for a sentence modification" under 18 U.S.C. § 3582(c)(2), the district court must "follow the Commission's instructions in [USSG] § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Section 1B1.10, in turn, "provides that a [defendant's] term of imprisonment is eligible for a reduction only if the amendment to the Guidelines Manual has been made retroactive and if the retroactive amendment lowers the defendant's applicable guideline range." *United States v. Cabiness*, No. 4:02cr70031-1, 2008 U.S. Dist. LEXIS 56957, at *4-5 (W.D. Va. July 28, 2008) (summarizing USSG §§ 1B1.10(a)(1)-(2)); *see also* USSG Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2015) (providing the list of retroactive amendments to the Guidelines). "A

court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *Dillon*, 560 U.S. at 826.

On November 1, 2015, the United States Sentencing Commission released an amended version of the Guidelines. This amended version included, in part, adjustments to the Guidelines pursuant to Amendment 791, which impacted "loss tables" throughout the Guidelines. *See* USSG Manual, supplement to app. C (U.S. Sentencing Comm'n 2015). Significantly, however, the Sentencing Commission did not elect to make Amendment 791 retroactive. *See* USGG Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2015) (listing the retroactive amendments to the Guidelines).

In the instant case, Defendant was sentenced to a total term of 63 months' imprisonment on March 30, 2015, after pleading guilty to the crimes of mail fraud, money laundering, and filing false tax returns (DN 31, Judgment and Commitment Order). To help calculate Defendant's sentence, the Court utilized the 2014 USSG § 2B1.1 "loss table" which established that Defendant's offense level should be increased by 18 levels since the loss attributable to Defendant was approximately $2,810,201.53 (DN 27, Final Presentence Investigation Report). In his motion, Defendant argues that his sentence should be reduced because the 2015 amendments modified the § 2B1.1 "loss table" so that his offense level would now only be increased by 16 levels for the same loss amount.

The Government argues that Defendant is not entitled to a sentence reduction "because the 2015 Guidelines went into effect in November 2015, well after his sentencing" and the amendment to USSG § 2B1.1 is not listed as retroactive under § 1B1.10. The Court agrees. *See, e.g., United States v. Runyon*, No. 2:14-cr-00117, 2016 U.S. Dist. LEXIS 3385 (S.D.W.Va.

Jan. 4, 2016) (holding that a defendant sentenced on June 9, 2015, was not eligible for a sentence reduction based upon the 2015 adjustments to the USSG "loss tables" because the Sentencing Commission did not make Amendment 791 retroactive).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to reduce his sentence (DN 42) is **DENIED**.

Date: April 13, 2016

                                             **Charles R. Simpson III, Senior Judge**
                                               **United States District Court**

cc: Defendant, *pro se*
    US Attorney
4411.011